John J. Jurcyk, Jr., Attorney Kansas City, Kansas Community College 707 Minnesota Avenue, Fourth Floor P.O. Box 171300 Kansas City, Kansas 66117
Dear Mr. Jurcyk:
As an attorney for Kansas City, Kansas Community College, you request our opinion regarding the vote necessary for the Board of Trustees of the Community College to take official action. You indicate that there is a difference of opinion as to whether a vote of a majority of the entire membership is necessary in all instances, or whether a majority of a quorum is sufficient in instances where only a quorum is present at the meeting. You state that the Board of Trustees governing Kansas City, Kansas Community College is composed of six members. You give no indication that there are currently any vacancies on the Board.
As you note, only a couple of statutes in Chapter 71, the Chapter of the Kansas Statutes Annotated governing community colleges, specifically spell out voting requirements for the taking of board action. K.S.A. 71-210
requires a majority vote of the "members" of a board of trustees to authorize payment of dues or membership fees from the general fund of the college for affiliation with certain organizations and associations. Similarly, K.S.A. 2001 Supp. 71-1406 requires a majority vote of the "members-elect" of a board of trustees to adopt a resolution to change the method of election of the board members. The statutes are otherwise silent as to the voting requirements of boards of trustees. Further, we are aware of no rules and regulations promulgated by the Kansas Board of Regents dealing with voting requirements for community college boards of trustees.
When asked to consider voting requirements for public bodies, this office has consistently opined that "unless otherwise specifically provided, a majority of a quorum is generally all that is necessary for a body to take action."[1] This is the common law rule referred to inEquity Investors, Inc. v. Ammest Group, Inc.[2] Thus, except as otherwise required by K.S.A. 71-210, K.S.A. 2001 Supp. 71-1406 or any other statute placing specific voting requirements on a board of trustees for a community college in certain circumstances, it is our opinion that the act of a majority of the board members present (if such number constitutes a quorum or greater) at a properly called meeting of the board is a valid and binding act of the board.[3] For purposes of a six member board such as the Board of Trustees for Kansas City, Kansas Community College, four votes in favor of a motion would be required to carry the motion if all six members are present; if only five or four members are present, three favorable votes would be sufficient as, under the circumstances, this is both a majority of those present and a majority of a quorum. At least four members (a quorum) must be present for the board to be lawfully constituted.
You also inquire whether K.S.A. 2001 Supp. 71-201(b)(13) and (14) would permit a board of trustees of a community college to adopt a policy establishing a voting requirement different from that established by law. K.S.A. 2001 Supp. 71-201(b)(13) and (14) provide as follows:
"(b) For effectuation of the purposes of this act, the board of trustees in addition to such other powers expressly granted to it by law and subject to the rules and regulations of the state board of regents is hereby granted the following powers:
. . . .
"(13) To make and promulgate such rules and regulations, not inconsistent with the provisions of law or with rules and regulations of the state board of regents, that are necessary and proper for the administration and operation of the community college, and for the conduct of the business of the board of trustees.
"(14) To exercise all other powers not inconsistent with the provisions of law or with the rules and regulations of the state board of regents which may be reasonably necessary or incidental to the establishment, maintenance and operation of a community college."
Clearly, the common law rule allowing a majority of a quorum to take official action can be altered by statute.[4] In State ex rel. Stephanv. Board of Sedgwick County Comm'rs,[5] the Kansas Supreme Court discussed the issue of whether a governmental body may alter the general common law rule that a majority of a collective body constitutes a quorum. In that case, the Court held the body in question, a board of county commissioners, could alter the common law by properly enacted resolution under its home rule powers.[6] When addressing the authority of government bodies not having home rule powers to change their quorum requirements, this office has concluded that no such authority exists in the absence of a statute that expressly authorizes such action, or from which such authority must be necessarily implied.[7] K.S.A. 2001 Supp.71-201(b)(13) and (14) do not expressly authorize a board of trustees of a community college to alter its quorum or voting requirements. Neither, in our opinion, is this authority a necessary implication of those provisions. Both subsections speak in terms of creating policy not inconsistent with the law. Both allow only such provisions as are "necessary and proper for the administration of the community college, and for the conduct of the business of the board" or "reasonably necessary or incidental to the . . . operation of a community college." We do not believe that changing quorum or voting requirements would be consistent with existing law or necessary and proper for, reasonably necessary for, or incidental to the purposes listed.
In conclusion, except as otherwise specifically provided by law, if a quorum is present at a properly called meeting of a board of trustees of a community college, a majority of those present at the meeting has the power to take binding board action.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] Attorney General Opinion No. 2002-41, citing K.S.A. 77-201 and Attorney General Opinions No. 96-32, 93-140, 91-73, and 83-174.
[2] 1 Kan. App. 2d 276, 281 (1977). See also McQuillin, Municipal Corporations §§ 13.27, 13.27.10, 13.30, 13.31.10 (3d Ed. 1992); 2 Am.Jur.2d Administrative Law § 99 (2002 Supp.).
[3] Compare K.S.A. 72-8205(a) (a majority of the full membership of a local board of education is required for the passage of any motion or resolution of the board) and Unified School Dist. No. 401 v. Fisk,232 Kan. 820 (1983).
[4] Equity Investors, 1 Kan. App. 2d at 281.
[5] 244 Kan. 536 (1989).
[6] Id. at 540-44.
[7] Attorney General Opinions No. 96-32, 93-140, and 83-174.